# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2753
_____

United States of America

*Plaintiff - Appellee*

v.

Richard W. Ruston

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 12, 2026
Filed: July 31, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

Following a bench trial, Richard W. Ruston was found guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8); and being a felon in possession of

ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8). After merging two of the firearm possession counts to avoid multiplicitous convictions, the district court[1] sentenced Ruston to a total term of imprisonment of 197 months, which consisted of a 60-month sentence for possessing a firearm in furtherance of drug trafficking to run consecutive to 137-month sentences on the other counts. Ruston appeals, asserting three issues: (1) 18 U.S.C. § 922(g)(1) is unconstitutional as applied and on its face; (2) the evidence was insufficient to support the conviction for methamphetamine distribution; and (3) his sentence is substantively unreasonable. We affirm.

As to the constitutional challenges Ruston raised, he conceded they are foreclosed by our precedent. See United States v. Jackson, 110 F.4th 1120 (8th Cir. 2024). This remains true following the recent Supreme Court decision in United States v. Hemani, 146 S. Ct. 1677 (2026). Even if we were to consider an as-applied challenge, it would fail under the circumstances in this case—Ruston posed a credible threat to the physical safety of others given his erratic behavior and prior convictions for both an armed robbery and bank robbery while displaying a firearm. See United States v. Cooper, 127 F.4th 1092, 1096 (8th Cir. 2025) (quoting United States v. Rahimi, 602 U.S. 680, 700 (2024)).

Turning to the issues before us, "[w]e review the sufficiency of the evidence *de novo*, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Maurstad, 35 F.4th 1139, 1144 (8th Cir. 2022). "The evidence need not exclude every reasonable hypothesis other than guilt," and "[i]f the evidence rationally supports two conflicting hypotheses, this Court cannot disturb the conviction." United States v. Nelson, 984 F.2d 894, 899 (8th Cir. 1993). We will affirm the conviction unless no reasonable factfinder could have found the defendant guilty beyond a reasonable doubt.

---

[1]The Honorable Brian C. Wimes, Chief Judge, United States District Court for the Western District of Missouri.

The offense of possession of a controlled substance with intent to distribute has two elements: (1) the defendant knowingly possessed a controlled substance, and (2) he intended to distribute some or all the controlled substance. United States v. Thompson, 686 F.3d 575, 583 (8th Cir. 2012). Ruston argues the evidence was insufficient to establish he intended to distribute methamphetamine, let alone the amount charged (5.69 grams). Due to the alleged defects in the drug distribution conviction, Ruston further contends his conviction for possession of a firearm in furtherance of a drug trafficking crime should be reversed.

The evidence established that when Ruston fled from law enforcement, he had in his possession a scale, baggies, and seven empty syringes, all of which, when viewed in a light most favorable to the verdict, is evidence of drug dealing. See United States v. Billingsley, 160 F.3d 502, 506 (8th Cir. 1998) (determining that scales and wrapping supplies were "tools of the trade for drug dealers"); United States v. Dawson, 128 F.3d 675, 678 (8th Cir. 1997) ("An attempt to elude law enforcement officials is also a permissible indicator from which to infer an intent to distribute."). The 5.69 grams of crystalline methamphetamine seized by law enforcement was divided into two separate containers. Ruston told officers that he bought one to two ounces in the past and could buy any quantity from his suppliers—evidence indicating that he had access to enough methamphetamine to support a drug dealing operation.

In addition, at the time he was apprehended, Ruston was in possession of a firearm, which is also indicative of drug dealing. See, e.g., United States v. White, 969 F.2d 681, 684 (8th Cir. 1992) (finding a firearm is one of the most significant pieces of evidence showing intent to distribute drugs). The evidence presented at trial, when viewed in a light most favorable to the verdict, is sufficient to sustain the conviction. We need not address Ruston's related argument pertaining to his conviction for possession of a firearm in furtherance of a drug trafficking crime.

Ruston's final argument—the substantive reasonableness of his sentence—is reviewed under the deferential abuse of discretion standard. United States v.

Cottrell, 853 F.3d 459, 463 (8th Cir. 2017). The district court imposed a within-Guidelines sentence, which is presumed reasonable. See United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023). In challenging the reasonableness of his sentence, Ruston contends the district court did not meaningfully consider his long history of methamphetamine addiction, the relatively small amount of methamphetamine involved, and the injuries he sustained during the law enforcement encounter.

Having reviewed the record, we can discern no abuse of discretion in how the district court weighed the relevant sentencing factors when it determined Ruston's sentences. The court expressly recognized Ruston's substance abuse, the circumstances of the offenses, and the injuries he sustained before or during his flight from law enforcement. The court also noted Ruston's lengthy history of criminality spanning more than 35 years, including his history of gun possession, which the court considered a significant public safety concern. "The mere fact that a court could have weighed the sentencing factors differently does not amount to an abuse of discretion." United States v. Campbell, 976 F.3d 775, 778 (8th Cir. 2020). Reversal is not warranted because the sentencing court gives a sentencing factor more or less weight than a defendant would prefer. United States v. Isler, 983 F.3d 335, 344 (8th Cir. 2020).

The judgment is affirmed.

_____